IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RYAN-TYRONE MORRIS, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:25-cv-177 (RDA/WBP) |
| ) | |
| SYNCHRONY FINANCIAL, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on *pro se* Plaintiff Ryan-Tyrone Morris' Motion to Remand (Dkt. 4), Defendant Synchrony Bank's Motion to Dismiss (Dkt. 10), and Plaintiff's Motion for a Preliminary Injunction (Dkt. 17). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). These matters have been fully briefed and are now ripe for disposition. Considering the Motion to Remand together Defendant's Opposition (Dkt. 9), and Plaintiffs' Reply (Dkt. 14), as well as the Motion to Dismiss together with the Memorandum of Law in Support (Dkt. 11) and Plaintiffs' Opposition (Dkt. 16) and the Motion for Preliminary Injunction together with Plaintiff's Memorandum in Support (Dkt. 18), Defendant's Opposition (Dkt. 19), and Plaintiff's Reply (Dkt. 20), this Court grants-in-part and denies-in-part Plaintiff's Motion to Remand for the reasons that follow.

### I. BACKGROUND

Plaintiff asserts breach of contract and defamation claims against Defendant. Dkt. 1-3 at 5. Plaintiff asserts that, on October 2, 2024, Plaintiff disputed "the validity of a contract between

Defendant and Plaintiff as well as the balance allegedly owed to Defendant." *Id.* at 5. On October 8, 2024, Defendant responded that they would respond within thirty to sixty days, after they conducted an investigation. Dkt. 1-3 at 13. Plaintiff asserts that, as of November 25, 2024, Defendant had failed to respond to his letter. *Id.* at 5.

On November 5, 2024, Plaintiff wrote a check to Defendant for fifty dollars ($50), which stated that the payment was intended to "pay in full" his outstanding balance of $4,762.37. *Id.* at 5-6, 15. He also wrote: "In consideration of this agreement, you agree to release and forever discharge offeror from all claims and demands arising out of contested [sic] contested account. You also stipulate to reporting 'Paid in Full' status to any and all third party consumer reporting firms." *Id.* at 6, 15. On November 8, 2024, Plaintiff received a call from Defendant that it had received his correspondence and would be in contact shortly. *Id.* at 6. On November 18, 2024, Defendant deposited the check and applied it to the outstanding balance on Plaintiff's account. *Id.*

Plaintiff originally filed this case in Stafford County Circuit Court on November 25, 2024. *Id.* at 5. Plaintiff asserts that Defendant entered into a valid contract when it cashed his check and breached the contract by failing to discharge the debt. *Id.* at 6. Other than the introduction, there is no reference to defamation. *Id.*

On January 31, 2025, Defendant removed the case to this District. Dkt. 1. Defendant removed on the basis of federal jurisdiction asserting that the breach of contract claim is governed by the Fair Credit Billing Act (the "FCBA"), because "the contract in dispute is the cardholder agreement." *Id.* Alternatively, Defendant asserts that there is diversity jurisdiction. *Id.*

On February 4, 2025, Plaintiff filed his Motion to Remand arguing that there is no federal question on the face of the complaint. Dkt. 4.

2

On February 18, 2025, Defendant filed its Opposition to the Motion to Remand and, a few days later, its Motion to Dismiss. Dkts. 9, 10. Defendant asserts that Plaintiff has attempted to assert a claim under the FCBA and the Fair Credit Reporting Act (the "FCRA"). *Id.* Defendant seeks to dismiss the case on the basis that Plaintiff has not pled accord and satisfaction and has failed to plead a claim under the FCBA or FCRA. Dkt. 11. Plaintiff did not respond to the Motion to Dismiss but filed an Objection to the Motion to Dismiss asserting that the Court should rule on his Motion to Remand before he would respond to the Motion to Dismiss. Dkt. 16. On February 25, 2025, Plaintiff filed a Reply in Support.

On June 9, 2025, Plaintiff filed a Motion for a Preliminary Injunction. Dkt. 17. Plaintiff seeks to preclude Defendant from collecting, attempting to collect, or reporting his alleged debt to any third parties. *Id.* On June 23, 2025, Defendant opposed the Motion stating that Plaintiff does not satisfy the four-factor test set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Dkt. 19. On June 26, 2025, Plaintiff filed a Reply in Support of his Motion.

## II.   LEGAL STANDARDS

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action to a federal district court when the plaintiff could have originally brought the action in federal court. A motion challenging the removal of an action may be premised on either a lack of subject matter jurisdiction or a procedural defect apart from jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Motions to remand premised on a district court's lack of subject matter jurisdiction may be filed at any time, and the burden to establish federal jurisdiction falls on the removing party, with a removing party's jurisdictional allegations strictly construed in favor of remand. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Ultimately, a party seeking removal must establish that the district court can exercise original

jurisdiction over the plaintiff's claims, which in most cases requires allegations supporting either federal question or diversity jurisdiction under 28 U.S.C. Sections 1331 and 1332, respectively. *Id.* (citing § 1441). A federal district court has diversity jurisdiction when: (1) the amount in controversy exceeds $75,000; and, (2) "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). With respect to federal question, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 471 (1998).

### III.  ANALYSIS

Because the Motion to Remand addresses issues of this Court's jurisdiction, the Court will first address Remand. As remand is appropriate here, the Court will not address the remaining motions.

Plaintiff's Complaint purports to raise two claims: (i) a breach of contract; and (ii) a defamation claim. Dkt. 1-3. Although the operative facts of the Complaint are far from clear, it appears that the defamation claim is premised on Defendant's reports to various third-party reporting agencies. In particular, the Complaint complains that Defendant has not reported the "Paid in Full" status alleged by Plaintiff to "the Consumer Reporting Agencies." Dkt. 1-3 at 6. Furthermore, Plaintiff asserts as damages Defendant's failure to report "'Paid in Full' to Consumer Reporting Agencies." *Id.* at 7. And, Plaintiff complains that he "continues to be compelled to make a payment that [is] not owed." *Id.* Defendant argues that Plaintiff's Complaint raises two federal questions: (i) whether Defendant's furnishing was proper under the Fair Credit Report Act, 15 U.S.C. § 1681, *et seq.*, (the "FCRA"); and (ii) whether Plaintiff's billing disputes were proper under the Fair Credit Billing Act, 15 U.S.C. § 1666 (the "FCBA"). Dkt. 9 at 1. But such claims

4

are only removable to federal court where Congress has completely preempted Plaintiff's state law claims premised on such conduct.

If a plaintiff files suit in state court and the defendant seeks to adjudicate the matter in federal court through removal, it is the defendant who carries the burden of alleging in [its] notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter." *Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citing, e.g., *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008)). "While a defendant filing a notice of removal under 28 U.S.C. § 1446(a) need only *allege* federal jurisdiction with a short plain statement—just as federal jurisdiction is pleaded in a complaint—when removal is challenged, the removing party bears the burden of *demonstrating* that removal jurisdiction is proper." *Id.* at 297 (emphasis in original) (citing *Ellenburg*, 519 F.3d at 200). "Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.*

Defendant's first basis for removal is federal question jurisdiction based on FCRA. But Defendant fails, in both its Opposition to Remand and in its Notice of Removal, to identify any specific provision under FCRA which would preempt Plaintiff's breach of contract claim. Dkts. 1, 9. The Opposition, but not the Notice of Removal, makes a passing reference to 15 U.S.C. § 1681t(b)'s provision that "no requirement or prohibition may be imposed under the laws of any State" but fails to identify any specific subsection within that provision that applies here. Dkt. 9 at 3. Defendant further asserts in the Opposition, but not the Notice of Removal, that Plaintiff is attempting to pursue a claim under 15 U.S.C. § 1681(b) and describes that claim as one "seeking damages related to Synchrony's furnishing information regarding Plaintiff's credit history." *Id.*

5

There are two difficulties with this argument. First, Section 1681(b) "require[s] that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit" which appears to have no application here. 15 U.S.C. § 1681(b). Perhaps, Defendant meant to rely Section 1681b, but, if so, Defendant failed to identify any specific subsection that would apply here. Defendant's failures in this regard leave the Court without sufficient information to determine upon which provisions of the FCRA Defendant relies to establish federal question jurisdiction. Second, to the extent Defendant suggests that "Plaintiff is seeking damages related to Synchrony's furnishing information regarding Plaintiff's credit history," Defendant is incorrect. Dkt. 9 at 3. In his Complaint, Plaintiff's "Request for Relief" entails only: (i) "[a]n order demanding Defendant to perform as noted on the instrument"; (ii) "[a]n order requiring Defendant to return all payments received from Plaintiff, post breach"; (iii) an award of Plaintiff's costs; and (iv) other relief deemed proper by the Court. Dkt. 1-3. Although Plaintiff asserts that he has been *damaged* by Defendant's failure to report "Paid in Full" to the credit agencies, he does not seek *damages* for the same. Because Defendant has failed to properly identify any specific subsections of FCRA that apply here (as is Defendant's burden), the Court cannot determine that FCRA has completely preempted Plaintiff's claims here. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) (holding that federal question jurisdiction is satisfied only "when a federal statute wholly displaces the state-law cause of action through *complete* pre-emption" (emphasis added)). Accordingly, Defendant has failed to establish federal question jurisdiction based on FCRA.

Defendant's argument regarding federal question jurisdiction based on the FCBA, asserted for the first time in the Opposition to Remand, is even more sparse. Dkt. 9 at 4. In its discussion, of the FCBA, the only statutory provision that Defendant identifies is 15 U.S.C. § 1661, *et seq.*, which is *not* part of the FCBA. Rather, Section 1661 is part of the Consumer Credit Protection

Act and it provides that "a catalog or other multiple-page advertisement shall be considered a single advertisement if it clearly and conspicuously displays a credit terms table on which the information required to be stated under this part is clearly set forth." 15 U.S.C. § 1661.  Even assuming that Defendant intended to rely on Section 1666 of the FCBA, Defendant fails to identify any specific subsection that would apply to or that would preempt Plaintiff's state law claims. Other district judges have held that the "FCBA has no preemptory effect on state law claims." *Fredeking v. JPMorgan Chase Bank, N.A.*, 2019 WL 691404, at *8 n.9 (S.D. W. Va. Feb. 19, 2019).  Accordingly, Defendant has failed to meet its burden to establish that removal was proper and that there is federal question jurisdiction pursuant to the FCBA.

Finally, Defendant asserts that diversity jurisdiction exists here.  Again, Defendant's allegations in the Notice of Removal and arguments in the Opposition to Remand are perfunctory and unclear.  In the Notice of Removal, Defendant simply states: "Alternatively, Synchrony is removing this matter on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332." Dkt. 1.  There is no reference to the amount in controversy in the Notice of Removal.  As the statute makes clear, diversity jurisdiction requires allegations that the amount in controversy exceeds $75,000 and that the action is between citizens of different states.  28 U.S.C. § 1332. Defendant similarly fails to address the amount in controversy in its Opposition. Dkt. 9 at 4.[1] A review of the Complaint reveals that there is no basis for asserting that the amount-in-controversy exceeds $75,000.  Again, Plaintiff's "Request for Relief" seeks only: (i) "[a]n order demanding

---

[1] Defendant argues that any arguments with respect to diversity jurisdiction are waived, because Plaintiff failed to address them in his Motion to Remand. Dkt. 9 at 4. Plaintiff, who is *pro se*, can be forgiven for not realizing that Defendant intended its single reference to diversity jurisdiction without any discussion of the elements of such jurisdiction sufficient to raise and preserve subject matter jurisdiction on that basis.  In any event, Plaintiff clearly contests that diversity jurisdiction exists (Dkt. 14), and the Court must separately satisfy itself that diversity jurisdiction exists before denying the motion to remand.

Defendant to perform as noted on the instrument"; (ii) "[a]n order requiring Defendant to return all payments received from Plaintiff, post breach"; (iii) an award of Plaintiff's costs; and (iv) other relief deemed proper by the Court. Dkt. 1-3. The total disputed debt between Plaintiff and Defendant is $4,762.37. *Id.* Even doubling that amount to account for Plaintiff's costs to proceed with this litigation *pro se*, the amount-in-controversy would be far short of $75,000. *See McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936) ("If [the party seeking jurisdiction's] allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof."); *Gwyn v. Wal–Mart Stores, Inc.*, 955 F. Supp. 44, 45 (M.D.N.C. 1996) (conclusory statement in notice of removal could not establish diversity, even when supported by written offer by plaintiff to settle for amount equal to the jurisdictional amount-in-controversy); *see also Allen v. Dance*, 2009 WL 2855716 (W.D.N.C. Sept. 1, 2009) ("A defendant must offer more than a bare allegation that the amount in controversy exceeds $75,000."). Accordingly, Defendant has also failed to establish that there is diversity jurisdiction because Defendant has failed to establish that the amount in controversy exceeds $75,000.

In sum, because Defendant's arguments and citations in support of jurisdiction here were so sparse, and at times were even incorrect, this Court cannot discern any basis for subject matter jurisdiction here. Thus, following this Court's obligation to "strictly construe removal jurisdiction" and to remand, if " federal jurisdiction is doubtful," this Court will grant the Motion in this regard and remand the case to state court. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

With regard to the request for attorney's fees and cost, Court will deny Plaintiff's request . Under 28 U.S.C. § 1447(c), a party may request costs, expenses, and attorney's fees incurred as a result of removal where the removing party "lacked an objectively reasonable basis for removal."

8

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). As courts routinely recognize, however, "[i]t is not necessary to determine whether an objectively reasonable basis existed because Plaintiff is proceeding *pro se* and has not incurred actual attorney's fees." *Young v. Stirling*, 2022 WL 18956672, at *5 (D.S.C. Aug. 24, 2022), *report and recommendation adopted*, 2023 WL 1990437 (D.S.C. Feb. 14, 2023); *Newman & Cahn, LLP. v. Sharp*, 388 F. Supp. 2d 115, 119 (E.D.N.Y. 2005); *Ezra v. BWIA Int'l Airways, Ltd.*, 2000 WL 1364354, at *1–2 (E.D.N.Y. Sept. 8, 2000). Nor has Plaintiff here identified any recoverable costs or other expenses and, assuming the normal definition of costs applies, there appear to be none.

Accordingly, it is hereby ORDERED that Plaintiff's Motion to Remand (Dkt. 4) is GRANTED IN PART AND DENIED IN PART. The Motion is granted insofar as this matter will be remanded to state court. The Motion is denied insofar as Plaintiff sought attorney's fees and costs; and it is

FURTHER ORDERED that the Court declines to address the remaining pending motions as those are more appropriately addressed by the state court; and it is

FURTHER ORDERED that this case is REMANDED to the Stafford Circuit Court, Fifteenth Judicial Circuit of Virginia.

The Clerk of the Court is directed to place this matter among the ended causes.

IT IS SO ORDERED.

Alexandria, Virginia
July 23, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge